NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

## DIVISION ONE

---

STATE OF ARIZONA, *Appellee,*

*v.*

KARYN LYN LOMELI, *Appellant.*

Nos. 1 CA-CR 18-0279
1 CA-CR 18-0280
(Consolidated)
FILED 1-15-2019

---

Appeal from the Superior Court in Maricopa County
Nos. CR2016-030625-001 SE
CR2014-135997-001 SE
The Honorable Dean M. Fink, Judge

**AFFIRMED**

---

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Mark E. Dwyer
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge Lawrence F. Winthrop delivered the decision of the Court, in which Presiding Judge Jennifer M. Perkins and Judge Jon W. Thompson joined.

---

**W I N T H R O P**, Judge:

¶1 In this consolidated appeal, Karyn Lyn Lomeli ("Appellant") appeals her conviction and sentence for forgery in Maricopa County Superior Court Case No. CR2016-030625-001 ("the 2016 case") and the revocation of her probation and the resulting sentence in Maricopa County Superior Court Case No. CR2014-135997-001 ("the 2014 case"). Appellant's counsel has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), stating he has searched the record on appeal and found no arguable question of law that is not frivolous. Appellant's counsel therefore requests that we review the record for fundamental error. *See State v. Clark*, 196 Ariz. 530, 537, ¶ 30 (App. 1999) (stating that this court reviews the entire record for reversible error). This court allowed Appellant to file a supplemental brief *in propria persona*, but she has not done so.

¶2 We have appellate jurisdiction pursuant to the Arizona Constitution, Article 6, Section 9, and Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(1), 13-4031, and 13-4033(A). Finding no error, we affirm.

**FACTS AND PROCEDURAL HISTORY**

¶3 We view the facts in the light most favorable to sustaining the verdict and resolve all reasonable inferences against Appellant. *See State v. Kiper*, 181 Ariz. 62, 64 (App. 1994).

¶4 In the 2014 case, Appellant pled guilty to burglary in the second degree, a class three felony, in violation of A.R.S. § 13-1507. The court suspended sentencing and placed Appellant on probation for thirty months. Subsequently, Appellant's probation officer petitioned to revoke Appellant's probation, alleging in part that Appellant had violated probation by committing the crime of forgery in the 2016 case.

¶5 In the 2016 case, a grand jury issued an indictment charging Appellant with forgery, a class four felony, in violation of A.R.S. § 13-2002.

The State later alleged (1) aggravating circumstances, (2) two prior felony convictions, including one historical prior felony conviction (from the 2014 case) pursuant to A.R.S. § 13-105, and (3) that the charged offense was committed while Appellant was on probation or other release.

**¶6** Appellant was tried *in absentia* in the 2016 case. At trial, a Phoenix thrift store manager testified as to an August 2015 incident involving Appellant, who had been hired to work at the store approximately one month earlier, and two fraudulently altered store gift cards.

**¶7** On August 9, 2015, an unidentified man attempted to redeem a thrift store gift card in the amount of $321, but employees became suspicious because of the even number (i.e., no cents after the decimal) and unusually large amount on the card. When the employees called the manager to verify the card's authenticity, the man left and did not return. The manager determined that, earlier that day, the zero balances on two store gift cards had been fraudulently increased—the first to $321, and the second to $158. The manager then viewed the store's surveillance video during the time the cards' balances had been altered. The video showed Appellant, and no one else, performing actions at the computer terminal where the gift cards' balances were increased. Further, although Appellant had previously worked at both the store registers and inventory stocking, management had directed that she no longer be near the registers or terminals because her register balance had been coming up short; in other words, at the time of these events, her duties had been restricted to inventory stocking only, and there was no work-related reason for her to be at the subject computer terminal.

**¶8** On August 11, 2015, Officer Snyder of the Phoenix Police Department responded to a call from the thrift store manager regarding the apparent forgery. After meeting with the manager, Officer Snyder drove to Appellant's home, where he arrested Appellant, advised her of her rights pursuant to *Miranda v. Arizona*, 384 U.S. 436 (1966), and questioned her. Appellant initially denied any knowledge regarding the forgery, but later acknowledged she knew the store had been investigating the fraudulent gift cards and admitted she had been working in the store when the forgery occurred. Without prompting, she then also mentioned to the officer that she had held the door for a male at the store. That male had presented the altered gift card.

**¶9** The jury found Appellant guilty as charged, and the next day, the trial court conducted a brief trial on two alleged aggravating factors.

Appellant's probation officer testified that on August 9, 2015—the date the forgery took place—Appellant was on probation in the 2014 case, and a petition to revoke her probation in that case had subsequently been filed. Officer Snyder testified that, when he arrested Appellant, she admitted being on probation. The thrift store manager testified that store employees begin working in stocking positions, then move up to registers and terminals, where they handle money and credit cards, after they have demonstrated responsibility and earned a position of trust. As aggravators, the jury found (1) the forgery offense involved a betrayal of trust and (2) Appellant was on probation at the time of the offense. Based on the jury's finding of guilt in the 2016 case, the court found that Appellant was in violation of her probation in the 2014 case.

¶10          Before sentencing, the trial court found Appellant had two prior felony convictions, including one historical prior conviction. The court then sentenced Appellant to a presumptive term of 4.5 years' incarceration in the Arizona Department of Corrections in the 2016 case and, after revoking her probation in the 2014 case, sentenced her to a fully mitigated term of two years' incarceration in the 2014 case. The court also ordered that the sentences run consecutively and credited Appellant for eighty-seven days of presentence incarceration in the 2014 case. Appellant timely appealed in each case, and this court consolidated the appeals.

**ANALYSIS**

¶11          We have reviewed the entire record for reversible error and find none. *See Leon*, 104 Ariz. at 300; *Clark*, 196 Ariz. at 537, ¶ 30. The evidence presented at trial was substantial and supports the verdict. Appellant was represented by counsel at all stages of the proceedings and was given the opportunity to speak at sentencing. The proceedings were conducted in compliance with her constitutional and statutory rights and the Arizona Rules of Criminal Procedure.

¶12          After filing of this decision, defense counsel's obligations pertaining to Appellant's representation in this appeal have ended. Counsel need do no more than inform Appellant of the status of the appeal and of her future options, unless counsel's review reveals an issue appropriate for petition for review to the Arizona Supreme Court. *See State v. Shattuck*, 140 Ariz. 582, 584-85 (1984). Appellant has thirty days from the date of this decision to proceed, if she desires, with a *pro per* motion for reconsideration or petition for review.

## CONCLUSION

¶**13**          We affirm Appellant's forgery conviction and sentence in the 2016 case and her sentence in the 2014 case.



AMY M. WOOD • Clerk of the Court
FILED:   AA